STATE OF WEST VIRGINIA

FILED

June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEITH D. HAROLD,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1481** (BOR Appeal No. 2047130)
                    (Claim No. 2006030869)

**RALEIGH COUNTY COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Keith D. Harold, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Raleigh County Commission, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 20, 2012, in which the Board affirmed, in part, and reversed, in part, an April 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 20, 2011, decision which limited the authorization of the medications Abilify and Valium through June of 2011. The Board of Review affirmed the Office of Judges' Order insofar as it authorized the medication Abilify without the June of 2011 limit. It reversed the Office of Judges' Order insofar as it authorized Valium without the June of 2011 limit. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harold, a police officer, was injured in the course of his employment on March 4, 2006, when he was attacked by a group of people. As a result of the attack, he sustained physical as well as psychological injuries. His claim was held compensable for post-traumatic stress disorder and depressive type psychosis. In a psychological evaluation on May 19, 2009, Charles

1

Weise, M.D., diagnosed Mr. Harold with post-traumatic stress disorder, chronic major depressive disorder, and panic disorder without agoraphobia. Mr. Harold was determined to be at maximum medical improvement. Dr. Weise found that he could return to work but not as a police officer or in any other position that would require a significant amount of interaction with others. In an evaluation on December 6, 2010, Ralph Smith, M.D., also determined that Mr. Harold had reached maximum medical improvement. He opined that Mr. Harold would require maintenance care and that his current treatment plan should be continued solely as a result of his work-related injury. However, Dr. Smith noted that under West Virginia Code of State Rules § 80-20-12.5(b) (2006), further authorization for psychiatric care would not be necessary.

Safiullah Syed, M.D., Mr. Howard's treating physician, noted in an October 28, 2011, letter that Mr. Howard was involved in a life threatening work-related incident on March 4, 2006. He asserted that Mr. Howard's stress level increased to the point that he developed post-traumatic stress disorder, major depression, social anxiety disorder, and panic attacks. Dr. Syed opined that the medications Abilify and Valium were necessary to treat Mr. Howard's chronic symptoms and requested that they be authorized.

The claims administrator, in a July 20, 2011, decision, limited authorization of the medications Abilify and Valium through June of 2011. The Office of Judges reversed the decision in its April 11, 2012, Order. It determined that the medications should be authorized without the June of 2011 limit. Based upon reports by Drs. Weise, Smith, and Syed, it found that Mr. Howard's chronic psychiatric complaints are more likely than not related to his compensable injury. The Office of Judges noted that reaching maximum medical improvement does not require that all treatment cease. Though Mr. Howard reached maximum medical improvement, it was determined that his work-related psychiatric conditions had become chronic. Medication and counseling were found to help with day to day coping for post-traumatic stress disorder, major depressive disorder, social anxiety disorder, and panic attacks related to the compensable injury.

The Board of Review affirmed, in part, and reversed, in part, the Office of Judges' Order in its November 20, 2012, decision. It concurred with the Office of Judges' conclusion that the medication Abilify should be authorized without the June of 2011 limit because it is not a controlled substance. However, the Board of Review found that Valium is a controlled substance and per West Virginia Code of State Rules § 80-20-53 (2006) and West Virginia Code of State Rules § 80-20-54 (2006), certain documentation is required when controlled substances are prescribed beyond limited time periods after the initial injury. It was determined that Dr. Syed's May 10, 2011, request failed to provide the necessary documentation for the authorization of Valium. Therefore, the Board of Review limited authorization of Valium through June of 2011. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman